A. E. WICKHAM *vs.* A. B. DAVIS and another.

September 26, 1877.

**Injunction to Restrain Levy upon Goods of an Insolvent Firm in Favor of Creditor of Individual Partner—When not Allowed.**—Where an execution in favor of an individual creditor of one of the members of an insolvent partnership is levied upon his interest in certain goods belonging to the firm, by taking possession of such goods, and threatening to sell such interest, an action will not lie at the suit of the other partner or partners for a perpetual injunction restraining any further proceedings under the levy, even though the officer making the levy, and the creditor directing it, have notice of such insolvency.

This action was brought by the plaintiff, Wickham, a member of the firm of Wickham & Nelson, to restrain the defendants from selling, on execution or otherwise, the interest of his copartner, Nelson, in certain property belonging to the said firm. The defendants demurred to the complaint. The district court for Faribault county, *Dickinson*, J., presiding, sustained the demurrer, and thereupon the plaintiff appealed.

*Benj. G. Reynolds*, for appellant.

*Andrew C. Dunn*, for respondent.

CORNELL, J. The question whether under any, and, if so, what circumstances a court of equity will, at the instance of a copartner, interpose its equitable powers to restrain a sheriff from selling on execution the interest of his copartner in the firm property, when a levy has been made thereon in favor of an individual creditor, until an accounting of the partnership transactions is had, and the interest of the debtor partner is determined under the direction of the court, is not necessarily presented by the demurrer to the complaint in this action, and hence will not be considered. The complaint in substance alleges a copartnership between plaintiff and the execution debtor, Nelson, the insolvency of the copartnership, the levy by the defendant Davis, as sheriff, etc., of an execution, issued upon a judgment in favor of the other defendant against the said Nelson, for an individual debt of his, upon

the interest of such debtor partner in certain goods belonging to the firm, the taking possession of the goods under the levy, and the threatened intention of the officer to proceed to make sale of such interest.

It also avers that the said Nelson had no interest in any of said goods after the payment of the firm debts; that Davis, the sheriff, knew these facts at the time he made the levy; that he was forbidden to make the same; and that, by reason of such wrongful levy and taking possession, plaintiff has been damaged in the sum of one hundred dollars. Plaintiff makes an offer in the complaint that an accounting of the partnership matters and dealings may be taken, if so desired or directed by the court, but does not ask for it himself. In his prayer for relief he asks judgment for damages in the sum of one hundred dollars, and also a perpetual injunction restraining the defendants from selling said Nelson's interest in the partnership property on said execution, and from any further interference with the same or the possession thereof.

Nelson himself is not made a party to the action. The court would have no authority to decree an accounting and settlement of the partnership affairs without bringing him into court, even if plaintiff asked it, which he has not done.

The doctrine is distinctly recognized by this court in *Barrett* v. *McKenzie, supra,* 20, decided at this term, that the individual creditor of one partner may legally cause his interest in the firm property to be levied on and sold on execution, and that for that purpose alone the officer holding the execution may take the property into his possession, and hold it till he executes the levy. It is also held in that case that a purchaser at such sale acquires no title to the property entitling him to a delivery of it, but only a right, "as *quasi* tenant in common with the other partners in the property of the firm, so far as to entitle him to an account," and to the delivery thereafter of such interest as may be found due from the partnership to the debtor partner under such accounting. In view of this doctrine it is difficult to see any equity

in the plaintiff's complaint. The acts charged to have been done, and which it is alleged are threatened to be done, are lawful acts done, and about to be done, in the assertion of strict legal rights. No special facts or circumstances are disclosed showing that any prejudice or injury is likely to result therefrom to the plaintiff. He asks for no dissolution of the partnership, for no settlement or accounting, nor the appointment of any receiver, but simply prays a perpetual injunction restraining the creditor of his insolvent partner from any attempt to collect his debt in this way, out of any interest which the debtor may have in the concern.

The order of the court below must be affirmed.